**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:06CR323-DJS |
| | ) | |
| **MICHAEL KEATING, JR.,** | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

On September 29, 2006, defendant Michael Keating, Jr. entered a plea of guilty to the charge of manufacturing 500 grams or more of methamphetamine, in violation of 21 U.S.C. §841(a)(1) and punishable under §841(b)(1)(A). Now before the Court is a motion, filed March 23, 2007 on defendant's behalf by his retained counsel, seeking to withdraw his plea of guilty. Pursuant to Fed.R.Crim.P. 11(d)(2)(B), a guilty plea may be withdrawn before sentencing if the defendant can show a "fair and just reason" for doing so. The motion has been fully briefed, by the submission of pro se filings of defendant Keating as well as memoranda by both counsel.

The reasons offered in support of defendant's attorney-drafted motion are a variety of assertions as to ways in which defendant was not "fully informed" of the consequences of his plea. Def. Motion to Withdraw [Doc. #31], p.1. These include the assertion that at the plea hearing defendant refused to accept full responsibility for the 2,700 grams of mixture or substance

containing methamphetamine, in that defendant did not personally manufacture any controlled substances but allowed another individual to use his house for the purpose, and was unaware that the individual did not remove the waste products from defendant's residence. Defendant characterizes this as an assertion of his innocence to the charges in the two-count indictment.[1] Defendant further asserts that he was not informed that Sentencing Guidelines offense level computations would be based upon the entire weight of the substance or mixture, including "all poisonous non-consumable liquid," and would include an increase based on the firearm located in his residence, given that he did not plead guilty to the firearm-related count.

In connection with his guilty plea, defendant signed, along with both counsel, a Plea Agreement, Guidelines Recommendations and Stipulations [Doc. #23]. At the plea hearing, while under oath, defendant stated that he had read the document, reviewed it with his lawyer prior to signing it, and that there was nothing in the document with which he disagreed. Plea Transcript, Attachment #1 to US Response [Doc. #40], p.4. Defendant's arguments are inconsistent with the Plea Agreement. As to

---

[1] Defendant's plea of guilty was to the manufacturing methamphetamine charge in Count I of the indictment. The charge in Count II, to be dismissed at sentencing, is that defendant, being an unlawful user of a controlled substance, did knowingly possess in and affecting interstate commerce a firearm, a 9 mm Taurus handgun, in violation of 18 U.S.C. §922(g).

2

defendant's awareness of his accountability for a quantity of 2,700 grams, the Guidelines Recommendations of the parties to the Court expressly provide for computation of the offense level based upon defendant's accountability for a "quantity of mixture or substance containing methamphetamine" of "more than 1.5 kilograms and less than 5 kilograms." Plea Agreement [Doc. #23], p.6. The facts to which defendant stipulated included that the search of his residence disclosed "approximately 2700 grams of a mixture or substance containing methamphetamine." Id. at 9. Defendant offers no evidence, such as a lab report, supporting a conclusion that the substance was not methamphetamine but a waste by-product. As noted, such a contention is flatly contradicted by defendant's own prior sworn statements.

Similarly, as to the sentencing ramifications of the firearm, the Plea Agreement acknowledges the presence of the 9mm Taurus handgun in defendant's residence, and recommends the addition of two offense conduct levels "because defendant possessed a firearm in connection with the offense." Id. at 9, 6. The Plea Agreement also contains defendant's admission that:

> all United States currency, weapons (including but not limited to a 9mm Taurus handgun...and a Norinco china rifle...), property and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds or were used to facilitate the illegal activity[.]

Id. at 5.

To the extent that defendant now belatedly attempts to deny his guilt of the offense to which he pled guilty, the claim is unpersuasive. In the Plea Agreement, defendant admits to the existence of a factual basis for his plea of guilty to each of the elements of the charged crime, including that "on or about April 5, 2006...the defendant did manufacture a mixture or substance containing methamphetamine." Id. at 9. The existence of a factual basis for the plea to the manufacturing charge was discussed at the plea hearing. Defendant acknowledged allowing a friend to manufacture methamphetamine in defendant's home, while defendant was there. Plea Transcript [Doc. #40, Att. #1], p. 11. Defense counsel stated that although defendant was not "actually stirring the pot," he was "there while it was going on, he knew it was going on, he was complicit in it going on." Id. at 12. Defendant then stated his agreement with counsel's description of the facts, and acknowledged his involvement in the manufacturing. Id. at 13.

After hearing and participating in that discussion highlighting the need for a factual basis to satisfy the elements of the offense, defendant entered a plea of guilty to the manufacturing charge. Id. at 14. The Eighth Circuit has held that "Rule 11(f)'s requirements are satisfied by the existence of sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense. United States v. Gamble, 327 F.3d 662, 664 (8th Cir. 2003); United States v. Nelson, 109 F.3d 1323, 1325 (8th Cir.

1997); White v. United States, 858 F.2d 416, 423 (8th Cir. 1988). That standard was satisfied at defendant's plea proceeding.

By its consideration of defendant's pro se filings, the Court has heard defendant himself in support of his motion to withdraw his guilty plea. None of the arguments he makes establishes a fair and just reason for the withdrawal of the plea. For example, defendant's contention that the police incorporated lies in their police reports and violated defendant's fourth amendment rights by conducting an illegal search and seizure in this case are not shown to warrant the withdrawal of a guilty plea to the manufacturing charge. Defendant forfeited his opportunity to contest the search and seizure by earlier waiving his motion to suppress evidence. In addition, the guilty plea itself, not shown to be somehow invalid, constituted a waiver of such non-jurisdictional issues. United States v. Jones, 479 F.3d 975, 978 (8th Cir. 2007), *citing* United States v. Wray, 608 F.2d 722, 724 (8th Cir. 1979).

Defendant's claim that he was unaware of the 10-year mandatory minimum term of imprisonment is not credible, as he was informed of it by the Court at the plea hearing. Plea Transcript, p.6. Defendant further acknowledged his understanding that any sentencing estimate by his counsel might prove inaccurate. Id. at 7. Decisions to plead guilty made under pressure of procedural consequences -- such as the government's contemplation of

additional charges or a defendant's determination to cooperate in order to seek a sentencing reduction – are not later subject to rescission merely because the defendant regrets the choice he has made. "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." <u>United States v. Morrison</u> 967 F.2d 264, 268 (8th Cir. 1992).

Six months elapsed between defendant's guilty plea and his motion to withdraw it. This passage of considerable time militates against the motion. The Eighth Circuit has noted that a delay of five months is itself a reason to deny a motion to withdraw a guilty plea. <u>Jones</u>, 479 F.3d at 978, *citing* <u>United States v. Prior</u>, 107 F.3d 654, 658 (8th Cir. 1997). On November 21, 2006, defendant's first motion seeking a sentencing continuance referenced defendant's attempts to earn a downward departure motion for substantial assistance. Again that consideration was cited in defendant's second such motion on January 30, 2007. No substantial assistance motion appears to be forthcoming. Defendant's realization that he will not avoid the mandatory minimum sentence by that means may well have factored into his dissatisfaction with the sentence he faces and account for the belated attempt to withdraw his guilty plea. "Post-plea regrets by a defendant...are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea." <u>United States v. Austin</u>, 413 F.3d 856, 858 (8th Cir. 2005); <u>Gamble</u>, 327 F.3d at 665.

Upon careful consideration, the Court is not persuaded that defendant has demonstrated the existence of a fair and just reason for the withdrawal of his guilty plea.  Defendant's motion to withdraw his guilty plea will therefore be denied.  Also before the Court is the motion of defendant's retained counsel to withdraw from representing defendant in this matter.  Defendant's pro se filings appear to express his support of the motion, and to request the appointment of substitute counsel.  In order to consider defendant's claim of indigency as is necessary for the appointment of counsel, defendant must prepare, sign and submit a CJA 23 Financial Affidavit.[2]  While that is being done, with the assistance of counsel, counsel's motion to withdraw will be held in abeyance and the sentencing in the matter continued.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to withdraw plea of guilty and reinstate on original bond [Doc. #31] is denied.

**IT IS FURTHER ORDERED** that defense counsel shall forthwith provide to defendant Keating a CJA 23 Financial Affidavit, which counsel shall promptly file on defendant's behalf after defendant has completed and signed the affidavit.

---

[2] The CJA 23 Financial Affidavit is available on the Court's website at www.moed.uscourts.gov, under Forms, Criminal, where it is listed as the "Informa pauperis Financial Affidavit."

**IT IS FURTHER ORDERED** that sentencing in this matter is continued from May 1, 2007 to **June 1, 2007 at 10:00 a.m.**

Dated this ____25th____ day of April, 2007.

                                                /s/Donald J. Stohr
                                                UNITED STATES DISTRICT JUDGE